# FEDERAL DISTRICT COURTS
## Bankruptcy Opinions

· No. 296

IN RE MAY GEORGE, Bankrupt

U. S. Dist. Court, N. D. Ohio, E. D.

No. 6389. Feb. 17, 1923

In Bankruptcy

This opinion has not been published except in Abstract.

MORTGAGE LIEN—Pledge of real estate interest to secure a debt, regarded as real estate—Recording necessary—Chattel mortgage distinguished.

WESTENHAVER, J.

Epitomized Opinion

Petition for review of a finding and order of the referee ,refusing and denying a lien asserted by petitioners, Jessie E. Alvord and Stella G. Thur, against the real estate of the bankrupt.

The bankrupt claims this lien by a written agreement dated May 31, 1921. This recites that the bankrupt assigns to petitioners all her right, title and interest in and to a certain judgment, describing it, wherein it was determined that George had an interest in a store building in Creston, Wayne county, O., which judgment and her interest in the building was thereby assigned to said petitioners as security for the payment of $3275, the unpaid portion of the purchase price. The bankrupt's interest as determined by the decree is not specifically described, but must be regarded as real estate, and such was the finding of the referee. .

The bankrupt had possession of the store building located on the real estate, and received and collected rents up to the bankruptcy.

This court held that the agreement, having been given to secure a debt, can operate only as a mortgage, if at all. Hence it was void as against the trustee and general creditors, as it was not recorded. See in re Schilling, 251 Fed. 966; 8542 GC. Under this section, a mortgage upon real estate operates as to such parties only from the date it is recorded. Cheney v. 64 OS. 205. In this respect it differs from a chattel mortgage, which may be made effective without record, if possession is taken by the mortgagee. 8560 GC.

The fact that this agreement might have been in form that it could not be recorded would not prevent this consequence, because the law requires all mortgages to be recorded, and it is only such liens as these as are valid without recording, that are within the rule thus invoked. The authorities, holding that an assignment of a chose in action, is valid, although not recorded, do not apply, as plaintiff's agreement was one undertaking to pledge or assign an interest in real estate, to secure an indebtedness, and can be held valid in law and operative only of the theory of a mortgage. The order of the referee affirmed.

**Attorney**—Paul C. Weick, for Bankrupt.

No. 297

IN RE PORTAGE RUBBER CO

U. S. District Court, Northern District, Eastern Division. No. 7554

BANKRUPTCY—(1) Anticipatory breach of contract to be related back to date of filing of petition in bankruptcy.

WESTENHAVER, D. J.

Epitomized Opinion

On Exceptions to Report of Special Master Liquidating Certain Claims

The principal question of law involved in the case is whether damages accruing on breach of an executory contract for sale and delivery of goods are to be determined as of the ·date of the filing of the petition in bankruptcy or as of the date of the adjudication.

In this case an involuntary petition against the bankrupt was filed May 31, 1921, and the adjudication was made June 21, 1921. Applications were made by the petitioners to have their respective claims liquidated pursuant to section 63-b Bankruptcy Act. The special master to whom the applications were referred has found as a conclusion of law that the damages are to be ascertained as of the date the petition was filed. It is to this conclusion that exceptions have been taken.

Held by District Court of U. S. in confirming special master's report:

1. An examination of the Bankruptcy Law and of the cases cited convince the court that the anticipatory breach is to be related back to the date of the filing of the petition and that the damages are to be assessed as of that date. In re Swift 112 Fed. 315, and In re Neff 157 Fed. 57.

Attorneys—Burner, Harter, & Walker, for petitioner; Commings, Brouse, Englebeck & McDowell, and Watters, Andress, Southworth, Wise & Maxon, for bankrupt.

---

FAVORABLE COMMENTS ON "OHIO SUPREME COURT PRACTICE"

A few days ago I received from the W. H. Anderson Company, a copy of your Supreme Court Practice, and believe it will be very useful to Ohio lawyers. It covers a point that I am much interested in at present and so I have already gotten my money's worth. Yours truly,   H. L. CONN, Conn & Wright, Van Wert, Ohio.

---

We have received from the W. H. Anderson Company, a copy of your work, Proceedings in Error and Original Actions in the Ohio Supreme Court. I have carefully examined it and believe that it will prove valuable to the general practitioner, as it is certainly very satisfactory to me. Sincerely,

DON J. YOUNG,

Young & Young, Norwalk, Ohio.